JUDGE KAPLAN

13 CIV 708

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ORPHEUS JORDAN,  )
 )
                Plaintiff, ) **COMPLAINT**
 )
  -against- ) **JURY TRIAL DEMANDED**
 )
THE CITY OF NEW YORK; POLICE OFFICER )
MICHAEL DUGGAN, Shield No. 6001; POLICE )
OFFICER ZEESHAN MUNAWAR, Shield No. )
5075; POLICE OFFICER BENJAMIN DIAZ, )
Shield No. 30470; JOHN DOE PLAINCLOTHES )
TRANSIT DISTRICT 33 POLICE OFFICER; )
JOHN DOE SERGEANT; JOHN DOES; and )
RICHARD ROES, )
 )
                Defendants. )
-----------------------------------------------------------X

RECEIVED JAN 31 2013 U.S.D.C. S.D.N.Y. CASHIERS

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff ORPHEUS JORDAN seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

1

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on December 22, 2011. More than 30 days have elapsed since service of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff ORPHEUS JORDAN was at all times relevant herein a resident of the State of New York, Kings County. Plaintiff ORPHEUS JORDAN is African-American.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9. Defendants POLICE OFFICER MICHAEL DUGGAN, Shield No. 6001; POLICE OFFICER ZEESHAN MUNAWAR, Shield No. 5075; POLICE OFFICER BENJAMIN DIAZ, Shield No. 30470; JOHN DOE PLAINCLOTHES TRANSIT DISTRICT 33 POLICE OFFICER; JOHN DOE SERGEANT; and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE OFFICER MICHAEL DUGGAN, Shield No. 6001; POLICE OFFICER ZEESHAN MUNAWAR, Shield No. 5075; POLICE OFFICER BENJAMIN DIAZ, Shield No. 30470; JOHN DOE PLAINCLOTHES TRANSIT DISTRICT 33 POLICE OFFICER; JOHN DOE

SERGEANT, and JOHN DOES, are sued individually and in their official capacity.

10. Defendants JOHN DOE SERGEANT and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants JOHN DOE SERGEANT and RICHARD ROES are sued individually and in their official capacity.

## STATEMENT OF FACTS

11. On or about November 4, 2011, approximately 7:20 p.m. and thereafter, Plaintiff was present at the Jamaica-bound J train subway platform of the Broadway / Junction subway station.

12. Claimant was approached by Defendant Police Officers DUGGAN and MUNAWAR.

13. Defendant Police Officer MUNAWAR asked Plaintiff at what stop he had gotten on the train.

14. Plaintiff responded that he had gotten on the train at Chauncey Street.

15. Defendant Police Officer MUNAWAR then commanded Plaintiff to turn around, and placed Plaintiff in handcuffs behind his back.

16. Defendant Police Officer MUNAWAR applied unnecessary, unreasonable and painful pressure to Plaintiff's left wrist, which served no proper law enforcement purpose.

17. Plaintiff asked for an explanation as to why he had been stopped and placed in handcuffs.

18. Neither of Defendant Police Officers DUGGAN or MUNAWAR provided any explanation.

19. Plaintiff was held in that condition - rear-cuffed on the subway platform - for approximately five minutes, without cause or justification, and without any explanation as to why he had been stopped and handcuffed.

20. While Plaintiff was being held by Defendant Police Officers DUGGAN and MUNAWAR, they aggressively searched, without Plaintiff's consent, Plaintiff's groin, back and underarm areas, lifted Plaintiff's pants above his knees, and searched in Plaintiff's pockets.

21. Defendant Police Officers DUGGAN and MUNAWAR removed Plaintiff's wallet, without Plaintiff's consent, and searched through it.

22. While Plaintiff was being held, he heard a female voice on the officers' radio(s) saying a description of some sort.

23. After approximately five minutes Defendant Police Officers DUGGAN and MUNAWAR released Plaintiff from the handcuffs, and told Plaintiff, in sum and substance, to "get out of here."

24. When Plaintiff continued to ask them why he had been stopped and handcuffed,

Defendant Police Officers DUGGAN or MUNAWAR told Plaintiff, in sum and substance, to "get the fuck out of here," and that if Plaintiff did not get out of there the officers would lock Plaintiff up.

25.     As Defendant Police Officers DUGGAN or MUNAWAR walked away Plaintiff asked them who their supervisor was, and Plaintiff was pointed in the direction of the NYPD Transit District 33 police precinct, which is in the subway station.

26.     Plaintiff then went into the Transit District 33 police station to register a complaint about his treatment and to seek an explanation for his treatment.

27.     Plaintiff spoke with a JOHN DOE SERGEANT, who asked Plaintiff questions but never provided an explanation for why Plaintiff had been stopped, handcuffed, and searched.

28.     Plaintiff was upset, but was not screaming or yelling, or using any profanity, or making any threats.

29.     Two JOHN DOES Officers came from the back of the precinct, and put their hands on the back of Plaintiff's neck, and on Plaintiff's arms.

30.     These two JOHN DOES Officers began to push Plaintiff toward the exit to Transit District 33.

31.     Defendant POLICE OFFICER DIAZ took over the process, and continued manhandling Plaintiff, and roughly shoved Plaintiff out the exit of Transit District 33.

32.     Plaintiff, incredulous at the way he was being treated, asked Defendant POLICE OFFICER DIAZ, in sum and substance, "[i]s that how y'all do it now?"

33.     Defendant POLICE OFFICER DIAZ told Plaintiff, in sum and substance, that if Plaintiff had any problem with the way he had treated Plaintiff, Plaintiff could meet him there at

11:30 and Defendant POLICE OFFICER DIAZ would "whip your [Plaintiff's] ass."

34. Defendant POLICE OFFICER DIAZ told Plaintiff to, in sum and substance, "get the fuck out of here."

35. Plaintiff called his Uncle to ask for advice about how to handle the situation.

36. Plaintiff's Uncle suggested that Plaintiff go back into the Precinct and explain to the officers exactly what he needed.

37. As soon as Plaintiff began to open the door to the precinct, however, a JOHN DOE officer said, in sum and substance, "I thought I told you to get the fuck out of here; we don't want to hear what you have to say."

38. Plaintiff said, in sum and substance, "[e]xcuse me, I am here to file a complaint against two officers; can I see a commanding officer?"

39. JOHN DOE PLAINCLOTHES TRANSIT DISTRICT 33 POLICE OFFICER told Plaintiff, in sum and substance, "didn't they tell you to get the fuck out of here."

40. Plaintiff, feeling very threatened, left Transit District 33.

41. JOHN DOE PLAINCLOTHES TRANSIT DISTRICT 33 POLICE OFFICER followed Plaintiff outside of Transit District 33, and told Plaintiff, in sum and substance, "I am not that other officer; I will fuck you up; now get out of here."

42. Plaintiff had marks on his wrists from the tight handcuffs.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

43. The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

44. By their conduct and actions in seizing plaintiff, searching plaintiff, falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, trespassing upon plaintiff, violating rights to equal protection of plaintiff, violating rights to due process of plaintiff, violating and retaliating for plaintiff's exercise of his rights to free speech and assembly, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment she received at the hands of other defendants, defendants DUGGAN, MUNAWAR, DIAZ, JOHN DOE PLAINCLOTHES TRANSIT DISTRICT 33 POLICE OFFICER, JOHN DOE SERGEANT, DOES and/or ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

45. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

46. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

47. By their conduct in failing to remedy the wrongs committed by their subordinates

and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants JOHN DOE SERGEANT and RICHARD ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

48. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

49. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

50. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

51. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged

herein.

52. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech in a manner that affronts police officers or is interpreted by police officers as challenging their authority or documenting or reporting their misconduct. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

53. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

54. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops and frisks, which are implemented disproportionately upon young men of color. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

55. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was

otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

56.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

57.     The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

58.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

59.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

60.     By the actions described above, defendants did inflict assault and battery upon the plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

61.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

62.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

63.     By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

64.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

65.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

66.     By the actions described above, defendants violated plaintiff's rights to equal protection of law.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed

by the laws and Constitution of the State of New York.

67. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### VIOLATION OF AND RETALIATION FOR THE EXERCISE OF RIGHTS TO FREE SPEECH AND ASSEMBLY

68. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

69. By the actions described above, defendants violated, and retaliated for the exercise of, the free speech and assembly rights of plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

70. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### TRESPASS

71. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

72. The defendants willfully, wrongfully and unlawfully trespassed upon the person of plaintiff.

73. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

74. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

75. By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused severe emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

76. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### NEGLIGENCE

77. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

78. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and

proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

79. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

80. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

81. Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

82. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRTEENTH CLAIM

## CONSTITUTIONAL TORT

83. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

84. Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 9, 11 and 12 of the New York State Constitution.

15

85. A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 9, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

86. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
            January 31, 2013

_____
JEFFREY A. ROTHMAN, Esq.
315 Broadway, Suite 200
New York, New York 10007
(212) 227-2980

Attorney for Plaintiff